IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMOS RYLES,

     Plaintiff,                            No. CIV S-07-2753 GEB DAD P

    vs.

T. FELKER, et al.,

     Defendants.                ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. By order filed March 7, 2008, plaintiff's complaint was dismissed with leave to amend. Plaintiff has filed an amended complaint.

        The court finds that plaintiff's amended complaint appears to state cognizable claims for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) against defendant Patton. If the allegations of the amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

        However, the court also finds that plaintiff's amended complaint fails to state a cognizable claim against defendants Bortle, Kelly, Riggero, and Felker. As the court previously advised plaintiff, allegations of verbal harassment or abuse do not violate the Constitution. Austin v. Terhune, 367 F.3d 1167, 1171-72 (9th Cir. 2004); Oltarzewski v. Ruggiero, 830 F.2d

1

1  136, 139 (9th Cir. 1987) (vulgar language and verbal harassment do not state a constitutional

2  deprivation under § 1983).  Even verbal conduct that constitutes a threat does not rise to the level

3  of a constitutional violation.  <u>Gaut v. Sunn</u>, 810 F.2d 923, 924 (9th Cir. 1987).  Thus, plaintiff's

4  alleged deprivations of rights caused by defendants Bortle, Kelly, and Riggero's verbal

5  harassment and threats do not give rise to a claim for relief under 42 U.S.C. § 1983.

6         In addition, it is well-established that inmates do not have a constitutional right to

7  be incarcerated at a particular correctional facility or in a particular cell or unit within a facility.

8  <u>See</u> <u>Meachum v. Fano</u>, 427 U.S. 215, 224-25 (1976).  As the Ninth Circuit has explained:

> An inmate's liberty interests are sufficiently extinguished by his
> conviction so that the state may change his place of confinement
> even though the degree of confinement may be different and prison
> life may be more disagreeable in one institution than in another.
> Unless there is some guarantee that transfer will not be effected
> except for misbehavior or some other specified reason, due process
> protections cannot apply.

13 <u>Rizzo v. Dawson</u>, 778 F.2d 527, 530 (9th Cir. 1985).  Thus, plaintiff's alleged deprivations of

14 rights caused by defendant Felker's decision regarding his place of confinement do not give rise

15 to a federal constitutional claim.  <u>See</u> <u>Board of Regents v. Roth</u>, 408 U.S. 564, 569 (1972).

16        Accordingly, IT IS HEREBY ORDERED that:

17        1. Service of the complaint is appropriate for defendant Patton.

18        2. The Clerk of the Court shall send plaintiff one USM-285 forms, one summons,

19 an instruction sheet, and a copy of the amended complaint filed March 17, 2008.

20        3. Within thirty days from the date of this order, plaintiff shall complete the

21 attached Notice of Submission of Documents and submit all of the following documents to the

22 court at the same time:

23        a. The completed, signed Notice of Submission of Documents;

24        b. One completed summons;

25        c. One completed USM-285 form for each defendant listed in number 1

26        above; and

1         d. Two copies of the amended complaint filed March 17, 2008.

2     4. Plaintiff shall not attempt to effect service of the complaint on the defendant or
3 request a waiver of service of summons from the defendant. Upon receipt of the above-described
4 documents, the court will direct the United States Marshal to serve the above-named defendant
5 pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

6 DATED: June 11, 2008.

                                                DALE A. DROZD
                                                UNITED STATES MAGISTRATE JUDGE

DAD:9
ryle2753.1am

3

```
1
2
3
4
5
6
7
8                        IN THE UNITED STATES DISTRICT COURT
9                       FOR THE EASTERN DISTRICT OF CALIFORNIA
```

10  AMOS RYLES,

11          Plaintiff,                    No. CIV S-07-2753 GEB DAD P

12     vs.

13  T. FELKER, et al.,                   NOTICE OF SUBMISSION

14          Defendants.                  OF DOCUMENTS

15  _____/

16          Plaintiff hereby submits the following documents in compliance with the court's

17  order filed _____:

18          ____  <u>one</u> completed summons form;

19          ____  <u>one</u> completed USM-285 forms; and

20          ____  <u>two</u> true and exact copies of the amended complaint filed March 17, 2008.

21  DATED: _____.

22

23                                              _____
                                                Plaintiff
24

25

26