IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMOS RYLES, | 2:07-cv-02753-RCT |
|     Plaintiff, | |
| vs. | |
| T. FELKER, et al., | |
|     Defendants. | |
| _____/ | ORDER |

Plaintiff Ryles has requested the appointment of counsel in this case (#32). The motion was filed November 20, 2009. The Court intended to enter this order at that time, but failed to do so due to a clerical error.

The United States Supreme Court has ruled that district courts lack the authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. U.S. District Court*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, a court may request voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990). In the present case, the Court does not find that the required exceptional circumstances exist.

"A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Terrell*, 935 F.2d at 1017 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)) (internal quotation marks omitted). Plaintiff has demonstrated sufficient writing ability in his complaint and sufficient legal knowledge in his multiple motions to the court to articulate his claim. *See id.* The facts alleged and the issues raised are not particularly complex. *See id.* Plaintiff contends that while he was an inmate in a

1 California prison, a correctional officer, Defendant Patton, threatened his life and assaulted him.

2 No specialized legal knowledge is necessary to argue such a claim; nor is the claim exceptional in any way. Plaintiff argues in his motion that there may be conflicting testimony in this case, however, that does not make the case exceptional. *See Wilborn*, 789 F.2d at 1331 ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."). Finally, Plaintiff has not demonstrated a likelihood of success on the merits. *See id.*

Considering the large volume of § 1983 actions pending in the Eastern District of California, the Court must be careful not to overburden those attorneys who volunteer to represent indigent prisoners with cases that do not meet the exceptional circumstances requirement. Plaintiff's request for the appointment of counsel is DENIED nunc pro tunc.

IT IS SO ORDERED.


DATED this 12th day of July, 2010.


/s/ Richard C. Tallman
UNITED STATES CIRCUIT JUDGE
Sitting by designation