IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMOS RYLES, | 2:07-cv-02753-RCT |
|     Plaintiff, | |
| vs. | |
| T. FELKER, et al., | |
|     Defendants. | MEMORANDUM DECISION AND ORDER |

Amos Ryles originally brought suit against Warden T. Felker, Sergeant W. Patton, and several other California correctional officers from High Desert State Prison in Susanville, California. After screening conducted pursuant to 28 U.S.C. § 1915A(b), only a single claim was permitted to go forward against Sergeant Patton, a former employee of High Desert State Prison.[1] The remaining claim is one for excessive force in violation of the Eighth Amendment prohibition against cruel and unusual punishment brought pursuant to 42 U.S.C. § 1983.

The matter now before the court is Sergeant Patton's Motion for Summary Judgment (#42). Ryles exhausted his administrative appeals through the California Department of Corrections and Rehabilitation. This Court DENIES Sergeant Patton's Motion for Summary

---

[1] Sergeant Patton has since ceased working for the California Department of Corrections and Rehabilitation. I refer to him as Sergeant Patton throughout this memorandum decision as that was his title during the relevant time period.

Judgment (#42).

## PROCEDURAL AND FACTUAL HISTORY

Ryles is a state prisoner who, until recently, was incarcerated at the Richard J. Donovan Correctional Facility in San Diego, California.  The parties agree that in June 2007 Ryles was an inmate at High Desert State Prison where Sergeant Patton was a corrections officer.  The Amended Complaint (#13) states that on June 22, 2007, "Sergeant Patton assaulted [Ryles] when [he] was in handcuffs by hitting [him] in [his] facial area and was trying to put a spit mask over [his] face."

During his deposition, Ryles explained the incident in more detail.  Ryles testified that he was brought into the dining room for an interview regarding a different incident with a corrections officer for which Ryles had previously filed a grievance (referred to as a form CDC 602 by the parties).  One of the corrections officers present said that Ryles had spit at him and Sergeant Patton placed a spit mask on Ryles.  (Mot. for Summ. J. (#42) Ex. A at 87, 92-93.) After the spit mask was in place and while Sergeant Patton was escorting Ryles back to his cell, Ryles contends that Sergeant Patton hit Ryles in the face with a closed fist while walking next to him.  (Mot. for Summ. J. (#42) Ex. A. at 89-90, 92-94.)

Also on June 22, 2007, Ryles submitted a grievance seeking a transfer to another prison alleging, among other things, that Sergeant Patton "putt [sic] the spit mask on my face push [sic] my face against the wall."  (Mot. for Summ. J. (#42) Ex. B at Ex. 2.)  Ryles's grievance was, by its own terms, treated primarily as a request for a transfer to a different prison, although it also listed several complaints against prison staff as the basis for the request.  (Mot. for Summ. J. (#42) Ex. B. at Ex. 2.)  This grievance was properly filed with the prison authorities and went through all three available levels of administrative appeal.  At each level of appeal the prison officials found that Ryles's complaint apparently did not "meet the criteria as a staff complaint," because Ryles "failed to provide any evidence supporting [his] allegations of staff misconduct therefore [his] allegation was determined to be unproven."  (Mot. for Summ. J.

1  (#42) Ex. B. at Ex. 2.)  The prison's decision denying the transfer became final, and the
2  administrative appeals were exhausted, with the Director's Level decision on December 3,
3  2007.  (Mot. for Summ. J. (#42) Ex. B at 2-3.)  The Director's Level appeal determined, in
4  relevant part, that Ryles's "dissatisfaction with staff actions [did] not rise to the level of staff
5  misconduct."  (Mot. for Summ. J. (#42) Ex. B. at Ex. 2.)
6      Ryles brought this suit in the Eastern District of California on December 20, 2007.
7  Sergeant Patton filed his Motion for Summary Judgment (#42) on June 1, 2010, and Ryles
8  failed to timely respond with opposing papers.  The Court previously denied a motion, filed
9  after the deadline had passed, to extend the time to reply given the pendency of the August 9,
10 2010, trial date.  (Order (#47).)

## CLAIM

14     Ryles now raises the following claim:
15     1.  Sergeant Patton violated Ryles's Eighth Amendment right to be free from cruel and
16 unusual punishment by hitting him in the face with a closed fist on June 22, 2007.

## LEGAL STANDARD

20     Summary judgment is proper when the "pleadings, the discovery and disclosure
21 materials on file, and any affidavits show that there is no genuine issue as to any material fact
22 and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The court
23 views the record in the light most favorable to the non-moving party.  *Anderson v. Liberty*
24 *Lobby, Inc.*, 477 U.S. 242, 255 (1986).
25     If the movant initially shows that no genuine issue exists for trial, the non-movant cannot
26 then rest on the pleadings but must respond with evidence setting forth "specific facts showing a
27 genuine issue for trial."  Fed. R. Civ. P. 56(e).  The non-moving party has the "burden of
28 advert[ing] to 'specific facts showing that there is a genuine issue for trial.' . . . It is not the

district court's job to sift through the record to find admissible evidence in support of the non-moving party's case." *Claar v. Burlington N. R.R.*, 29 F.3d 499, 504 (9th Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).  When "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## DISCUSSION

Sergeant Patton contends that summary judgment is proper in this case because the current action is barred by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The PLRA provides, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Sergeant Patton concedes that Ryles exhausted his administrative remedies as to his complaint that on June 22, 2007, Sergeant Patton pushed his face into a wall while putting on the spit mask.  However, Sergeant Patton contends that the current suit is unexhausted because Ryles now alleges a different factual basis for the assault, that Sergeant Patton actually hit him with a closed fist, while en route to his cell, after having placed the spit mask on his face.

A prison's own grievance process determines how detailed a grievance must be to satisfy the PLRA exhaustion requirement. *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009). Generally, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Id.* (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)).  This rule was adopted because "the primary purpose of a grievance [is] to notify the prison of a problem." *Id.*  Thus, a grievance "need not contain every fact necessary to prove each element of an eventual legal claim." *Id.*  However, the grievance must "provide enough information . . . to allow prison officials to take appropriate responsive measures." *Id.* at 1121 (quoting *Johnson v. Testman*, 380 F.3d 691, 697 (2d Cir. 2004)) (alteration in original).

Here, the thrust of Ryles's grievance was the need for a transfer, based on his assertion that he felt threatened by the staff at High Desert State Prison with whom he regularly interacted in the Administrative Segregation Unit. The only grievance related to Sergeant Patton was as follows: "Sargeant [sic] Patton putt [sic] the spit mask on my face push [sic] my face against the wall." The First Level appeal response found that Ryles's "appeal [did] not meet the criteria as a staff complaint and will not be addressed in this appeal response." (Mot. for Summ. J. (#42) Ex. B. at Ex. 2.) At the Second Level of appeal, the response stated that Ryles "failed to provide any evidence supporting [his] allegations of staff misconduct therefore [his] allegation was determined to be unproven." (Mot. for Summ. J. (#42) Ex. B. at Ex. 2.) Finally, the Director's Level appeal decision stated that Ryles's "dissatisfaction with staff actions does not rise to the level of staff misconduct." (Mot. for Summ. J. (#42) Ex. B. at Ex. 2.)

Ryles's Amended Complaint to this Court states that Sergeant Patton assaulted Ryles "in [his] facial area and was trying to put a spit mask over [his] face." This fairly closely matches Ryles's prison grievance. However, during his deposition, Ryles repeatedly testified that Sergeant Patton hit him "with a closed fist" (Mot. for Summ. J. (#42) Ex. A at 89, 90, 91), *after* the spit mask was in place (Mot. for Summ. J. (#42) Ex. A at 92-93). The question before the Court is whether that difference (which may well be impeaching as to whether a tortious assault ever occurred) means that Ryles failed to exhaust his administrative appeals as to the generic claim that Patton assaulted him.

Although the question is close, given the liberality attending pro se prisoner pleadings, this Court finds that Ryles has exhausted his administrative appeals and satisfied the requirements of § 1997e(a). "Construing the claims liberally, as must be done because of [Ryles's] pro se prisoner status," *Frost v. Symington*, 197 F.3d 348, 352 (9th Cir. 1999), Ryles's federal suit contains the same essential elements as his prison grievance. In his grievance, Ryles informed the prison that Sergeant Patton had assaulted him on June 22, 2007; Ryles makes the same claim to this Court. The exact facts surrounding the alleged assault differ, a fact which the Court presumes will become highly relevant on cross-examination, however, the essential allegation of an unprovoked assault remains the same. Ryles provided sufficient information "to

notify the prison of [the] problem" and "to allow prison officials to take appropriate responsive measures." *Griffin*, 557 F.3d at 1120-21.  That is all that is required of him by the PLRA.

Therefore, it is hereby

**ORDERED** that Sergeant Patton's Motion for Summary Judgment (#42) is **DENIED**.

DATED this 21st day of July, 2010.

/s/ Richard C. Tallman
UNITED STATES CIRCUIT JUDGE
Sitting by designation