1
2
3
4
5
6
7             IN THE UNITED STATES DISTRICT COURT FOR THE
8                     EASTERN DISTRICT OF CALIFORNIA
9
10   AMOS RYLES,                          2:07-cv-02753-RCT
11           Plaintiff,
12       vs.
13   T. FELKER, et al.,
14           Defendants.
15   _____/     ORDER
16
17       Plaintiff Amos Ryles is a former state prisoner proceeding pro se and in forma pauperis
18   in this civil rights action pursuant to 42 U.S.C. § 1983.  Ryles pursues a single claim seeking
19   damages for an incident at High Desert State Prison during which he became disruptive, spat on
20   a guard, and was being returned to his cell wearing a spit mask when he was allegedly struck
21   once on the side of his face by the closed fist of former correctional sergeant W. Patton.  All
22   defendants except Defendant W. Patton were previously dismissed from this action.  On June
23   21, 2010, Patton requested that the Court dismiss this action for failure to prosecute (#44) due
24   to Ryles's failure to file a timely pretrial statement.  At that time the Court declined to rule on
25   that motion due to its consideration of Patton's pending motion for summary judgment.
26   However, the Court ultimately denied summary adjudication.
27       Trial of this action is currently scheduled to begin August 9, 2010, at 9 a.m., in
28   Sacramento, and Ryles has failed to contact the Clerk's Office to schedule a telephone status
     conference or to file a pretrial statement that complies with Local Rule 281, as mandated by this

Court's July 21, 2010, Order (#53). This is the most recent in a long string of dilatory behavior by Ryles throughout the course of this action despite this Court's repeated warnings that failure to comply with the Federal Rules, the Local Rules, or this Court's orders are grounds for sanctions, including dismissal of this action. *See* Local Rule 110; Fed. R. Civ. P. 41(b). Because no other sanction is available to redress these continuing violations, and with an impending trial one week away, the Court GRANTS Patton's request and DISMISSES this action WITH PREJUDICE.

## DISCUSSION

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); *see also* Local Rule 110 ("Failure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."). The Court interprets Patton's request for dismissal of this action as a motion for dismissal pursuant to Federal Rule of Civil Procedure ("Rule") 41(b). In the alternative, the Court invokes its inherent power to dismiss a case for lack of prosecution *sua sponte*. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (citing *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)).

"A Rule 41(b) dismissal 'must be supported by a showing of unreasonable delay.'" *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson*, 779 F.2d at 1423). In addition, a court "must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.'" *Id.* (quoting *Henderson*, 779 F.2d at 1423). The factors weigh heavily in favor of dismissal; only the fourth factor, public policy favoring disposition of cases on their merits, disfavors dismissal.

The Court finds that Ryles has caused unreasonable delay in this case. Although he was aware that a set trial date of August 9, 2010, was fast approaching, Ryles failed to file his

pretrial statement on June 15, 2010, as ordered by this Court on February 3, 2010. *See* Order (#37). Due to that failure the Court was unable to hold its pretrial conference scheduled for July 13, 2010. Ryles also filed his Opposition to the Motion for Summary Judgment (#51) twenty-seven days late, interfering with this Court's ability to adjudicate the motion in the short time remaining before trial. Ryles then failed to contact the Court by telephone, as required by the Court's July 21, 2010, Order (#53), to discuss pretrial issues and to assure the Court that he will actually be present on the scheduled trial date. Finally, Ryles failed to file a proper pretrial statement by the extended deadline of July 28, 2010, as ordered. This failure makes it almost impossible for Patton and the Court to prepare for the scheduled trial.[1]

The first *Henderson* factor weighs in favor of dismissal. This case has been pending for more than two and a half years. Due to Ryles's failure to file a pretrial statement or even make clear his intention to be present for the August 9, 2010, trial date, it could continue much longer. The public's interest in the expeditious resolution of litigation would be frustrated if this Court were to allow the case to continue despite Ryles's failure to prosecute.

The second *Henderson* factor also weighs in favor of dismissal because Ryles's dilatory behavior has greatly interfered with the Court's ability to manage its docket. A week before trial the Court still has not received Ryles's pretrial statement and is uncertain whether Ryles will in fact appear for trial. The Court is now faced with the prospect of summoning a venire from which to select a jury for a trial which may be unable to proceed in the absence of the plaintiff, wasting taxpayer dollars and the personal time of prospective jurors. There are limited courtrooms available in the Eastern District of California due to the district's current caseload of 1,200 cases per judge. Reserving a courtroom and assigning judges and staff to prepare for a trial that may never occur is wasteful in the face of other cases that need to be tried and have

---

[1] The failure to file these documents in a timely manner was clearly not the result of Ryles's inability to file documents with the Court, as the Court received from Ryles a Motion for Extension of Time to file opposition to the motion for summary judgment (#46), which arrived after the response was due and stated no reasons in support of the request for an extension, and a Motion to Transfer to the Southern District of California (#49), which is not a proper venue for this case.

1   been diligently prosecuted by their plaintiffs.

2          As to the third factor, the danger of prejudice to Patton is high.  A week before trial,

3   Patton does not know whether Ryles will appear for trial, what facts remain in dispute, what

4   evidence Ryles might attempt to admit, what objections Ryles might raise to Patton's evidence,

5   or what witnesses Ryles will present to establish his claim.  Further, Ryles has presented no

6   excuse for his dilatory behavior that might offset this prejudice to Patton.

7          Applying the fifth factor, less drastic sanctions are not available.  While the Court is

8   normally free to levy monetary sanctions in lieu of the sanction of dismissal, Ryles is

9   proceeding in forma pauperis, has recently been released from prison, is homeless on the

10  streets of San Diego according to his state parole officer, and is unlikely to have the means to

11  pay even a modest sanction.  There is only one claim for relief so the Court cannot strike an

12  alternative claim or exclude some of Ryles's evidence (without knowing what that evidence

13  might be).

14         Finally, the Court has bent over backward attempting to keep this case on track.  After

15  being notified that Ryles was released from prison and was no longer receiving mail there, the

16  Court sought out his parole officer and made arrangements through the Clerk's Office to ensure

17  that all relevant orders that had not already been served on Ryles in prison were forwarded to

18  the parole officer for personal delivery to Ryles when he reported for his mandatory weekly

19  visits.  The Court was provided no current contact information by Ryles, and court mail to his

20  last known address was returned as undeliverable.  Nonetheless, the Court made the extra effort

21  to provide actual notice to Ryles in an attempt to avoid dismissal for failure to prosecute.  *See*

22  Local Rule 182(f) ("Each . . . pro se party is under a continuing duty to notify the Clerk and all

23  other parties of any change of address or telephone number of the . . . pro se party. Absent such

24  notice, service of documents at the prior address of the . . . pro se party shall be fully

25  effective.").  Although no longer representing any party to the action, the California Attorney

26  General wrote a letter to Ryles in care of his parole officer, reminding him of the need to provide

27  the Court with current contact information, including an address to receive case-related material.

28  All efforts were to no avail.

1    Ryles was repeatedly warned that the case would be dismissed if he failed to comply with

2    the Local Rules, the Federal Rules, or this Court's orders.  *See* First Information Order (#25);

3    Second Informational Order (#26); Discovery Order & Scheduling Order (#27); Scheduling &

4    Discovery Order (#37); Order (#53).  Yet Ryles has consistently missed deadlines despite the

5    trial date being less than a week away.  Ryles has left the Court without any other option.

6

7    Accordingly, IT IS HEREBY ORDERED that:

8    Patton's request for dismissal is GRANTED, this suit is DISMISSED WITH

9    PREJUDICE, and the trial date of August 9, 2010, is VACATED.

10    The Clerk of the Court shall send uncertified copies of this Order by overnight delivery

11    to Ryles in care of his parole officer, and by electronic notice to Patton's counsel.  Judgment

12    will be entered accordingly.

13

14    IT IS SO ORDERED.

15

16    DATED this 2nd day of August, 2010.

17

18                                          /s/ Richard C. Tallman
                                            UNITED STATES CIRCUIT JUDGE
19                                          Sitting by designation

20

21

22

23

24

25

26

27

28